JOEL WHEELER *vs.* WILLIAM D. SOHIER, Executor.

The grantee of land with warranty, who has conveyed all his interest therein with warranty, cannot maintain an action against his grantor, for a breach of the warranty subsequently occurring, unless he is compelled to pay damages on his own covenant of warranty, or obtains a release of the same from his grantee.

THIS was an action of covenant broken, commenced on the 27th of October, 1845, for an alleged breach of the covenant of warranty contained in a deed made by the defendant's testator, Edward Tuckerman, to the plaintiff, dated the 1st of November, 1834, whereby Tuckerman conveyed to the plaintiff, with warranty, a certain piece of land particularly described in the writ.

At the trial before *Wilde*, J., it was in evidence, on the part of the plaintiff, that a conveyance was made to him as set forth in the writ; that he entered and took possession of the premises under his deed ; and that he and his grantees had since been in possession thereof, until the alleged breach of the covenant of warranty, for which this action was brought.

The breach of warranty relied on by the plaintiff, and evidence of which was offered by him, was the levy of a writ of possession on or about the 20th of February, 1845, upon a part of the estate conveyed by the defendant's testator to the plaintiff. The suit, upon a judgment in which this execution was founded, was brought by George Sparhawk and others against the defendant's testator in his lifetime, and, after his decease, was prosecuted to final judgment against his heirs at law; the executor and trustees under the will of the testator being summoned in to defend the suit. The demandants, under the judgment thus obtained, entered upon the land recovered therein, and took possession of the same, and built a fence thereon.

The plaintiff, before the commencement of that action, had conveyed in different parcels all the land conveyed to him by the testator, and had assigned to his several grantees his interest in the covenant of warranty contained in the testator's deed to him. The plaintiff claimed to maintain this action upon the covenant of warranty to him, and to recover damages for the injury done by the entry of Sparhawk and others into those parcels of the land, which had been conveyed by the plaintiff, with covenants of warranty. But it appeared, that the plaintiff had never paid any thing for or on account of any breach of covenant to any of his grantees, and that no act had been done by him to extinguish any liability on his part under the same.

The defendant contended, and the court ruled, that the plaintiff, having conveyed the premises and assigned his interest in the covenant of warranty in Tuckerman's deed to him to his several grantees, from whom no release had been obtained, and to whom he had not been compelled to pay damages upon his own covenant, could not maintain the present action.

The case was thereupon withdrawn from the jury, to be submitted to the whole court. If the court should be of opinion, that the action can be maintained, and that the covenant of warranty, in the deed from the defendant's testator

to the plaintiff, has been broken, judgment is to be rendered for the plaintiff, with damages to be assessed upon such principle as the court shall direct ; otherwise, the plaintiff is to become nonsuit.

*E. Blake,* for the plaintiff, referred to *Niles* v. *Sawtell,* 7 Mass. 444 ; *Bickford* v. *Page,* 2 Mass. 456, 460 ; *Kane* v. *Sanger,* 14 Johns. 89.

*C. G. Loring* and *W. Sohier,* for the defendant.

WILDE, J.   This is an action of covenant broken against the executor of the last will and testament of Edward Tuckerman, for a breach of the covenant of warranty in a deed from Tuckerman to the plaintiff, whereby a certain piece of land with the privileges and appurtenances was conveyed to the plaintiff in fee.

Under this conveyance the plaintiff entered upon the land conveyed, and continued in possession, until he conveyed the whole premises with the appurtenances in different parcels to sundry persons with covenants of warranty.   These conveyances were made previous to the commencement of this action, and previous to the alleged breach of the covenant of warranty, although this latter fact is not expressly so stated in the report of the evidence.   The question is, then, whether this action can be maintained for the breach of the covenant of warranty, which occurred subsequent to the conveyances of the plaintiff's whole title and estate in the premises.

There was no evidence at the trial that the plaintiff had been compelled to pay damages upon his own covenants of warranty to his grantees, or that any releases had been obtained from them or either of them of their claims for damages.

Upon these facts, we are of opinion that this action cannot be maintained.

It has been argued for the plaintiff, that as he conveyed the premises with warranty, and is liable to his grantees for damages, he is entitled to maintain this action to indemnify himself for his liability, and a dictum of chief justice Parsons, in *Bickford* v. *Page,* 2 Mass. 456, 460, is relied on, and a

19 *

similar dictum of chief justice Spencer in *Kane* v. *Sanger*, 14 J. 93. " It is a general rule," says chief justice Parsons, " that when a feoffment or demise is made of land, with covenants that run with the land, if the feoffee or lessee assign the land before the covenants are broken, and afterwards they are broken, the assignee only can bring an action of covenant to recover damages, unless the nature of the assignment be such, that the assignor is holden to indemnify the assignee against the breach of the covenants by the feoffor or lessor." And this is unquestionably a well settled rule of law. But it does not necessarily follow, that in all cases in which the feoffee or lessee has conveyed the land with warranty, he is entitled to maintain the action. For instance, an action may have been brought against the lessor or feoffor by the assignee, or he may have been notified by the assignee not to pay damages to the assignor. And without such notice, if the feoffor or lessor is liable to an action by the assignee, he would not be liable to an action by the assignor, as a recovery in his favor would be no bar to an action by the assignee. In the case of *Kane* v. *Sanger*, chief justice Spencer repeats the rule of law laid down by chief justice Parsons, and the plaintiff recovered in that case for the breach of the covenant for quiet enjoyment after the plaintiff's conveyance of the land. But the grounds of the recovery were, that the plaintiff's grantees had mortgaged the premises to him for the purchase money, so that the plaintiff had the legal estate when the covenant was broken ; and the defendant had obtained releases from the plaintiff's grantees of all claims and damages sustained in consequence of the breach of the covenant, so that the defendant was under no liability to them ; and the court held that these releases could not bar the plaintiff's recovery, as by the mortgage the seizin of the premises was in the plaintiff, and the mortgage was unsatisfied. This decision, therefore, has no application to the present case ; and we apprehend that no case can be found in which an action has been maintained under like circumstances. And upon principle, it seems to us very clear, that the action cannot be

maintained ; for a judgment for the plaintiff would be no bar
to an action by his grantee ; and the defendant may be twice
charged.  The case is similar in principle to the cases in
which it has been held that on the breach of the covenant
against incumbrances, although the grantee may maintain an
action for such breach, he can only recover nominal damages
if he had not discharged the incumbrance.  The case of *Wy-
man* v. *Ballard,* 12 Mass. 304, is similar in principle to the
present case.  In that case there was a breach of the cove-
nant against incumbrances, and a breach of the covenant of
warranty after the plaintiff had conveyed the premises to one
Dickman, with warranty ; and it was held that as Dickman
had a right of action as assignee of the covenant of warranty
against the defendant, and as it was not known but that he
might resort to him rather than the plaintiff, if he were per-
mitted to recover the full value of the incumbrance, Dick-
man, having a right of action upon the general covenant,
there having been an eviction, might also sue the defendant,
and then he would pay twice for the same thing.

There is no distinction between that case and this, except-
ing that in that case there was a breach of the covenant
against incumbrances, before the conveyance from the plain-
tiff to Dickman, which entitled him to nominal damages ; but
for the breach of the covenant of warranty, it was held that
Dickman only could maintain an action.  The case of *Grif-
fin* v. *Fairbrother,* 1 Fairf. 81, was decided on the same prin-
ciple.  That was an action of covenant broken, brought by
the grantee of land against his warrantor, for the breach of
the covenant of warranty after his conveyance of the land
as in the present case ; and it was held that the action could
not be maintained, the covenant being one running with the
land, which vested by the plaintiff's conveyance of the land
in his grantee.  In that case the action was brought for the
benefit of the plaintiff's grantee, so that a judgment in that
action would be a bar to any action he might bring against
the defendant, who could not therefor be twice charged ; yet
it was held that the action could not be maintained.  The

same principle is established by the English authorities, although most of the decisions are not directly applicable to cases of warranty, or to the covenant for quiet enjoyment. In the case of *Kingdon* v. *Nottle*, 1 M. & S. 355, it was laid down as the settled rule of law that for the breach of a covenant running with the land, the owners of the land can alone maintain against the covenantors to recover damages for the breach. The distinction, it is said by Le Blanc, J., which attends real and personal covenants with respect to the course in which they go to the representatives of the person with whom the covenants are made, is a clear one ; real covenants run with the land and either go to the assignee of the land, or descend to the heir, and must be taken advantage of by him alone ; but personal covenants must be sued for by the executor.

Upon these authorities, and upon principle, we are of opinion that this action cannot be maintained. The plaintiff has not suffered any damage, and he never may sustain any. He is liable on his warranty, it is true, but before he has suffered, he cannot sue for indemnity, there being no certainty that he ever will be damnified.

It is clear, that when a party is entitled, he cannot sue until he is first damnified. The covenant sued is a covenant running with the land, and passed with it to the plaintiff's grantee, thereby vesting the covenant in him; and he alone is entitled to sue for damages.

If he should elect to sue the plaintiff on his covenant, and compel him to pay damages, then, and not before, the plaintiff would be entitled to indemnity.